Alan Goldberg (136988)
The Law Office of Alan Goldberg
5660 Etiwanda Ave. Suite 3
Tarzana, CA 91356
Office: (818) 921-2226
Fax: (818) 936-0345
alangoldberglaw@gmail.com

Eric J. Menhart (*Admitted Pro Hac Vice*)
Lexero Law
316 F Street NE, Suite 101
Washington, DC 20002
Office: (855) 453-9376
Fax: (855) 453-9376
Eric.Menhart@Lexero.com

Attorneys for Plaintiff Aardwolf Industries LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| | |
|---|---|
| AARDWOLF INDUSTRIES LLC<br><br>Plaintiff,<br><br>v.<br><br>ABACO MACHINES USA, INC. et al.<br><br>Defendants. | Case No. 2:16-cv-01968-GW-JEM<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT ABACO MACHINES USA, INC.** |

Plaintiff Aardwolf Industries LLC (hereinafter "Plaintiff"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that Defendant Abaco Machines USA, Inc. (hereinafter "Defendant" or "Abaco") respond to the following interrogatories. In accordance with Fed. R. Civ. P. 33, each interrogatory is to be answered fully and in writing under oath within thirty (30) days after service hereof.

Each request is addressed to the knowledge of Defendant, as well as to knowledge, information or documents in the possession, custody or control of Defendant and its attorneys, accountants, agents, employees, or officers.

**Definitions**

a) The words "Defendant," "you," "yours" and/or "yourselves" means Abaco Machines USA, Inc. and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Abaco Machines USA, Inc.

b) The word "Plaintiff" shall mean Aardwolf Industries LLC along with its directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Aardwolf Industries LLC.

c) "Aardwolf" Marks means the logo and/or word mark in dispute in the above-referenced litigation, as represented by Plaintiff's trademark applications (under the applicant name Aardwolf Industries Sole Member LLC), Serial Nos. 86409533 and 86409700, or any variations thereof.

d) The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation."

e) "Date" shall mean the exact date, month and year, if ascertainable or, if not the best approximation of the date (based upon relationship with other events).

f) "Document" or "Documents" are meant to include all documents available to you, including, but not limited to, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including (1) all originals, copies or drafts, and (2) originals, copies or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in your actual or constructive possession, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes or reports

and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Rule 34(a)(1), Federal Rules of Civil Procedure. Any document bearing on any sheet or side thereof any marks not a part of the original text or any reproduction thereof is to be considered a separate document for purposes of responding to the following specific document requests.

g) "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

h) "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

i) The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

j) The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

k) The term "proceeding" shall mean the case set forth in the caption at the top of this document.

l) The word "identify," when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

## Instructions

1. Wherever in the following interrogatories you are asked to identify documents, it is requested that the documents be identified by stating:

    a. General type of document, i.e., letter, memorandum, e-mail, spreadsheet, report, miscellaneous, notes, etc.;

    b. Date;

    c. Author;

    d. Organization, if any, with which the author was connected;

    e. Addressee or primary recipient;

    f. Additional recipients;

    g. Organization, if any, with which addressee or recipient, or additional recipients were connected;

    h. General nature of the subject matter;

    i. Present location of such document and each copy known to Defendant, including the title, index number and location, if any, of the file in which the document is kept or the file from which such document was removed, if removed for the purposes of this case, and the identity of all persons responsible for the filing or other disposition of the document.

2. Wherever in the following interrogatories you are asked to identify persons, it is requested that the persons be identified by stating:

    a. Their full name, home and business addresses, if known;

    b. Their employment, job title or description; and

    c. If employed by Defendant, their dates and regular places of employment and general duties.

3. Wherever in the following interrogatories you are asked to identify companies or the response to an interrogatory would require the identification of a company or location of a business, it is requested that the company be identified by stating:

    a. Its full corporate name;

      b. A brief description of the general nature of its business;

      c. Its state of incorporation;

      d. The address and principal place of business; and

      e. The identity of the officers or other person having knowledge of the matter with respect to which the company has been identified.

4. Should you deem to be privileged any document concerning information which is requested by any of the following interrogatories, please list such documents and supply information as requested concerning such documents, and additionally indicate any claim of privilege therefore, briefly state the nature of the document, the sender, the author, the recipient of each copy, the date, the name of each person to whom the original of any copy was circulated, the names appearing on any circulation list associated with such document, a summary statement of the subject matter(s) of such document in sufficient detail to permit the court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such document.

5. Each of the separate interrogatories is deemed to seek separate answers and responses as of the date hereof and such these interrogatories shall be deemed to be continuing and any additional information relating in any way to these interrogatories and to events occurring or documents existing prior to the filing of the proceeding which you acquire or which becomes known

to you up to and including the close of the trial shall be furnished to the opposing party within a reasonable time after such information is acquired or becomes known.

## INTERROGATORIES

1. Describe and identify fully the corporate structure of Defendant, including all related companies, parent corporations, and subsidiaries, listing for each company or corporation

    a. all registered agents,

    b. date and location of incorporation

    c. directors, officers, and principals, and

    d. the number of employees currently employed by each company.

2. Identify each and every person that your firm has employed, from 2005 to the present, including beginning and ending dates of employment.

3. Identify any individual persons that have direct knowledge or control over the operations of your business or related companies, parent corporations, or subsidiaries.

4. Identify the annual gross sales and revenues of Defendant's business for all products sold by Defendant for years from 2005-present.

5. Identify total amounts spent in marketing, development, and promotion of Defendant's products in the United States, itemized by each year for which figures are available, from 2005-present.

6. Identify the annual gross domestic sales from sales, itemized by each year for which figures are available.

7. Identify any individual persons with direct knowledge of any agreements between Defendant and a third party, including but not limited to all domestic and international agreements relating to the leasing of physical space for business operations, warehouse agreements and operations, manufacturing agreements and operations, shipping agreements, and logistics management agreements relating to the operation of Defendant's business.

8. Identify each advertisement that Defendant published from 2005 to the present, including the dates of each advertisement, the name of the publication in which the advertisement appeared, and any physical location or region in which any of the advertisements were published.

9. Identify all mediums by which products have been offered and/or available for sale by consumers, including but not limited to all order forms, catalogues, presentations, websites, physical displays, or electronic communications.

10. Identify all parties known to you with information relating to the manufacturing and design of all products sold by Defendant.

11. Identify any and all individuals from whom you intend to elicit testimony or statements in the course of the above-listed litigation.

12. Identify any and all individuals who have direct knowledge of information relevant to the above-listed proceeding, whether or not you intend to call such individuals as witnesses in this litigation, including summaries of the nature of the knowledge held by these individuals.

/s/ Eric J. Menhart
Eric J. Menhart, Esq. *
* *Admitted Pro Hac Vice*

/s/ Alan Goldberg
Alan Goldberg, Esq.
*Attorney to be Noticed*

Attorneys for Plaintiff