1  Alan Goldberg (136988)
   The Law Office of Alan Goldberg
2  5660 Etiwanda Ave. Suite 3
   Tarzana, CA 91356
3  Office: (818) 921-2226
   Fax: (818) 936-0345
4  alangoldberglaw@gmail.com

5  Eric J. Menhart (*Admitted Pro Hac Vice*)
   Lexero Law
6  316 F Street NE, Suite 101
   Washington, DC 20002
7  Office: (855) 453-9376
   Fax: (855) 453-9376
8  Eric.Menhart@Lexero.com

9  Attorneys for Plaintiff Aardwolf Industries LLC

10
11                    UNITED STATES DISTRICT COURT
          CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION
12

13  AARDWOLF INDUSTRIES LLC

                    Plaintiff,
14
    v.                                    Case No. 2:16-cv-01968-GW-JEM
15
    ABACO MACHINES USA, INC. et al.
16                                        **PLAINTIFF'S FIRST SET OF**
                    Defendants.           **REQUESTS FOR PRODUCTION**
17                                        **OF DOCUMENTS TO**
                                          **DEFENDANT ABACO**
18                                        **MACHINES USA, INC.**

19

20

21

22

23

24

Plaintiff Aardwolf Industries LLC (hereinafter "Plaintiff"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant Abaco Machines USA, Inc. (hereinafter "Plaintiff" or "Abaco") respond to the following requests for production of documents. In accordance with Fed. R. Civ. P. 34, each request is to be answered fully and in writing under oath within thirty (30) days after service hereof.

Each request is addressed to the documents in the custody or control of the Defendant, as well as to those in the possession, custody or control of Defendant's attorneys, accountants, agents, employees, or officers.

## Definitions

1. The words "Defendant," "you," "yours" and/or "yourselves" means Abaco Machines USA, Inc. and any directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Abaco Machines USA, Inc.

2. The word "Plaintiff" shall mean Aardwolf Industries LLC, along with its directors, officers, employees, agents, representatives or other persons acting, or purporting to act, on behalf of Aardwolf Industries LLC.

3. "Aardwolf" Marks means the logo and/or word mark in dispute in the above-referenced litigation, as represented by Plaintiff's trademark applications (under the applicant name Aardwolf Industries Sole Member LLC), Serial Nos. 86409533 and 86409700, or any variations thereof.

4. The singular shall include the plural and vice versa; the terms "and" or "or" shall be both conjunctive and disjunctive; and the term "including" mean "including without limitation".

5. "Date" shall mean the exact date, month and year, if ascertainable or, if not, the best approximation of the date (based upon relationship with other events).

6. "Document" or "Documents" are meant to include all documents available to you, including, but not limited to, any written, recorded, graphic, or printed matter, in whatever form, whether printed and/or produced by hand or any other process, specifically including (1) all originals, copies or drafts, and (2) originals, copies or drafts on which appear any notes or writings placed thereon after the document was first printed, typed, recorded, or made into graphic matter, however produced or reproduced, in your actual or constructive possession, including, without limitation, any letters, telegrams, memoranda, writings, circulars, monographs, bulletins, manuals, speeches, audio and video tapes, drawings, blueprints, recordings, computer disks or tapes, computer electronic or optical memory devices in readable form, computer printouts, computer electronic messages, notes, correspondence, communications of any nature, summaries of records of conversations, meetings, or conferences, information which can be retrieved by any process, test and/or analysis, reports and data sheets, specifications, sketches, minutes

or reports and/or summaries or interviews, reports and/or summaries of investigations, opinions or reports of consultants, agreements and contracts, brochures, pamphlets, advertisements, letters to the trade, and including any tangible things within the scope of Rule 34(a)(1), Federal Rules of Civil Procedure. Any document bearing on any sheet or side thereof any marks not a part of the original text or any reproduction thereof is to be considered a separate document for purposes of responding to the following specific document requests.

7. "Agent" shall mean: any agent, employee, officer, director, attorney, independent contractor or any other person acting at the direction of or on behalf of another.

8. "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association or any other entity.

9. The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts or contradicts.

10. The term "third party" or "third parties" refers to individuals or entities that are not a party to this action.

11. The term "proceeding" shall mean the case set forth in the caption at the top of this document.

12. The word "identify", when used in reference to a document (including electronically stored information), means and includes the name and address of the custodian of the document, the location of the document, and a general description of the document, including (1) the type of document (e.g., letter or memorandum) and, if electronically stored information, the software application used to create it (e.g., MS Word or MS Excel Spreadsheet); (2) the general subject matter of the document or electronically stored information; (3) the date of the document or electronically stored information; (4) the author of the document or electronically stored information; (5) the addressee of the document or electronically stored information; and (6) the relationship of the author and addressee to each other.

**Instructions**

1. Wherever in the following requests you are asked to identify documents, it is requested that the documents be identified by stating:

    a. General type of document, i.e., letter, memorandum, e-mail, spreadsheet, report, miscellaneous, notes, etc.;

    b. Date;

    c. Author;

    d. Organization, if any, with which the author was connected;

    e. Addressee or primary recipient;

    f. Additional recipients;

    g. Organization, if any, with which addressee or recipient, or additional recipients were connected;

    h. General nature of the subject matter;

    i. Present location of such document and each copy known to Defendant, including the title, index number and location, if any, of the file in which the document is kept or the file from which such document was removed, if removed for the purposes of this case, and the identity of all persons responsible for the filing or other disposition of the document.

2. Wherever in the following requests you are asked to identify persons, it is requested that the persons be identified by stating:

    a. Their full name, home and business addresses, if known;

    b. Their employment, job title or description; and

    c.  If employed by Defendant, their dates and regular places of employment and general duties.

3. Wherever in the following requests you are asked to identify companies or the response to an interrogatory would require the identification of a company, it is requested that the company be identified by stating:

    a. Its full corporate name;

    b. A brief description of the general nature of its business;

      c. Its state of incorporation;

      d. The address and principal place of business; and

      e. The identity of the officers or other person having knowledge of the matter with respect to which the company has been identified.

4. Should you deem to be privileged any document concerning information which is requested by any of the following requests, please list such documents and supply information as requested concerning such documents, and additionally indicate any claim of privilege therefore, briefly state the nature of the document, the sender, the author, the recipient of each copy, the date, the name of each person to whom the original or any copy was circulated, the names appearing on any circulation list associated with such document, a summary statement of the subject matter(s) of such document in sufficient detail to permit the court to conduct an analysis to reach a determination of any claim of privilege or exclusion and separate indication of the basis for assertion of privilege or the like for each such document.

5. Each of the separate requests is deemed to seek separate answers and responses as of the date hereof and these requests shall be deemed to be continuing and any additional information relating in any way to these requests and to events occurring or documents existing prior to the filing of the proceeding which you acquire or which becomes known to you up

to and including the close of the trial shall be furnished to the opposing party within a reasonable time after such information is acquired or becomes known.

6. Over and above the requirements of Rule 26(e) of the Federal Rules of Civil Procedure to supplement responses, it is requested that these discovery requests be treated as continuing. If Defendant becomes aware of any supplemental information or documents relating to these discovery requests and which were not included in the initial responses hereto, Defendant is requested to furnish said additional information or documents to the attorney for Plaintiff as soon as possible.

7. All documents and data should be produced in its native format or as close to native as practicable (e.g., email in a .PST file). Any document that is available in a digital format should be produced in the same digital format. Pictures of hard copy documents (TIFF, PDF, etc.) should only be created and produced after consultation with the undersigned attorney. These requests for production include the original media and all copies that differ from the original in any respect, such as notations made on the copy. These requests are also intended to include all media of any nature that are now or have at any time been within your care, custody or control. This instruction is "specify[ing] a form for producing electronically stored information" pursuant to Fed. R. Civ. P.

34(b)(2)(E)(ii) and any failure to produce documents in the form requested herein shall be considered non-responsive to the requests.

## REQUESTS FOR THE PRODUCTION OF DOCUMENTS

1. All documents that record, refer to, or pertain to the organization, incorporation, structure, operation, shareholder agreements, organizational charts, corporate charters, bylaws, and any document filed with any government or regulatory agency, and activities of Defendant, Defendant's related companies, parents, and subsidiaries, insofar as they relate to any products sold and/or services offered by and/or intended to be sold, offered or promoted by Defendant.

2. All documents indicating Defendant's current assets, liabilities, and financial net worth, including any financial statements created since January 1, 2012.

3. Documents sufficient to show the current assets, liabilities and financial net worth of Defendant.

4. All documents disclosing the account numbers and locale of any current bank accounts held by Defendant.

5. Your audited financial statements for the past five (5) years or your unaudited balance sheets and tax returns for the past five (5) years.

6. Any and all applications, letters, analyses, notes or similar documents concerning your profit and loss statements for Defendant from 2012 through present.

7. All documents indicating the amount of your gross sales from 2012 through the present.

8. All documents reflecting or relating to the identities, titles, positions and job responsibilities of Defendant's current employees, officers, directors and shareholders and all persons affiliated or employed by Defendant.

9. All documents reflecting or relating to the identities, titles, positions and job responsibilities of Defendant's former employees, officers, directors and shareholders and all persons affiliated or employed by Defendant.

10. All documents evidencing any communications between Defendant and any other person or entity regarding this Proceeding and/or Plaintiff or Defendant's codefendants.

11. All documents relating to or reflecting any communications between Plaintiff and Defendant.

12. All notes or other written documents or tape recordings which evidence any meetings, conferences, conversations, or telephone calls between Plaintiff and Defendant.

13. All records evidencing any phone calls or messages made between Defendant and Plaintiff or anyone you claim is a representative of Defendant or Plaintiff regarding the subject matter of the Proceeding.

14. All internal documents, notes, minutes, or memoranda that refer in any way to Plaintiff, Defendant's co-defendants, or the above-listed Proceeding.

15. Any and all correspondence received by Defendant from any third parties relating to Plaintiff or the subject matter of the Proceeding.

16. Any and all inter-office memorandum or other communications between employees of Defendant or any other third-parties relating to Plaintiff or the subject matter made the basis of the Proceeding.

17. All documents that record, refer to, or pertain to information regarding Defendant's manufacturing, shipping, or commercial activity in the United States or abroad.

18. All documents that record, refer to, or pertain to your trademark applications to the United States Patent and Trademark Office, including but not limited to the content and reference to trademark searches conducted by you or on your behalf and communications with the Trademark Office.

19. All documents that record, refer to, or pertain to your marketing, branding, development, promotional, and advertising activities in the United States of America.

20. All documents that record, refer to, or pertain to the design, manufacturing, shipping, warehousing, inventory, distribution, and purchases of goods bearing the "Aardwolf" Mark or intended for bearing the "Aardwolf" Mark.

21. All documents that record, refer to, or pertain to the business operations of your business, including but not limited to documents relating to leasing of commercial space, utility agreements, and insurance policies for the benefit

of your commercial operations.

22. All documents that record, refer to, or pertain to all sales of your goods, including but not limited to records of the units sold, specific products sold, inventory, purchaser information, shipping information, tracking numbers, quality control, testing, and invoices.

23. All documents that record, refer to, or pertain to the design of your products, including but not limited to communications and records relating to specimens, designs considered but rejected, final design choice, specifications, functionality, licensing, and agreements for industrial design.

24. All documents that record, refer to, or pertain to the manufacturing of your goods and goods of your parent, subsidiary, and related corporations, including but not limited to communications and records of contracts, agreements, personnel, shipping, storing, and proposals considered but rejected.

25. All documents, including advertising or marketing materials, describing or summarizing Defendant's business or business operations.

26. All documents, including advertising or marketing materials, describing or summarizing Defendant's relationship(s) with its customers.

27. All documents that record, refer to, or pertain to any and all expert reports sought, obtained, or considered by, or relied upon by you, and the reports, data, evidence provided to, and conclusions of any and all experts from

whom you intend to seek testimony or statements.

28. All documents reviewed by, transmitted to, exchanged with, or relied upon by any expert witness retained by you in this matter, including documents reviewed by any assistant or employee of the expert.

29. Please produce the most current resume of every expert witness you may call to testify at trial through live or deposition testimony.

30. Any and all correspondence between Defendant and Defendant's testifying or consulting experts, including, but without limitation, any agreement(s) Defendant has entered into with such experts.

31. All invoices, bills, or other billing materials for each expert Defendant expects to testify at trial, and for each consulting expert whose opinions or observations a testifying expert will review or has reviewed.

32. All documents sent from one of Defendant's testifying experts to another one of Defendant's testifying experts concerning any issue, fact, claim, or opinion in this Proceeding.

33. All material provided to, reviewed by, generated by or prepared by every expert used for consultation even if it was generated or prepared in anticipation of litigation or for trial if it forms the basis, either in whole or in part, of the opinions of an expert who you may call to testify at trial through live or deposition testimony or if any testifying expert has received documents from or talked to any consulting expert. This Request includes all

invoices or bills generated by said experts.

34. All documents identified in response to Plaintiff's First Set of Interrogatories to Defendant.

35. All tape recordings, digital recordings, photographs, slides, videotapes, and/or moving pictures pertaining to this Proceeding.

36. All exhibits, charts, diagrams, tables, visual aids, photos, calculations, or other demonstrative aids that Defendant has prepared and/or intends to use at the trial of this case.

37. All documents upon which Defendant intends to rely through the course of the above-listed proceeding.

38. All documents relating to any business dealings or relationship between Plaintiff and Defendant.

39. All documents in Defendant's possession or control that refer or relate to Plaintiff or Plaintiff's goods.

40. Any and all computer disks or other forms of data storage containing any of the information requested in any Interrogatory served upon Defendant by Plaintiff or any of the documents requested in any Request for Production of Documents and Things served upon Defendant by Plaintiff that is reasonably available to you in the normal course of business.

41. Please produce a privilege log. Such log should contain a list of all documents withheld by you because of a privilege and should include the

date of the document, the type of the document, the parties to the document, and the specific privilege(s) asserted in support of your denial to produce the document.

<u>/s/ Eric J. Menhart</u>
Eric J. Menhart, Esq. *
* *Admitted Pro Hac Vice*

<u>/s/ Alan Goldberg</u>
Alan Goldberg, Esq.
*Attorney to be Noticed*

Attorneys for Plaintiff