Alan Goldberg (136988)
The Law Office of Alan Goldberg
5660 Etiwanda Ave. Suite 3
Tarzana, CA 91356
Office: (818) 921-2226
Fax: (818) 936-0345
alangoldberglaw@gmail.com

Eric J. Menhart (*Admitted Pro Hac Vice*)
Lexero Law
316 F Street NE, Suite 101
Washington, DC 20002
Office: (855) 453-9376
Fax: (855) 453-9376
Eric.Menhart@Lexero.com

Attorneys for Plaintiff Aardwolf Industries LLC

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA—WESTERN DIVISION

| AARDWOLF INDUSTRIES LLC, | NO.: CV 16-1968-GW(JEMx) |
|---|---|
| *Plaintiff*, | **PLAINTIFF'S OPPOSITION TO DEFENDANTS'** *EX PARTE* **MOTION** *IN LIMINE* **TO STRIKE REVISED EXPERT REPORT** |
| v. | |
| ABACO MACHINES USA, INC. et al. | Plaintiff's Opposition to Defendants' *Ex Parte* Motion *in Limine* to Strike Revised Expert Report of Brian Buss |
| *Defendants*. | |
| | Hearing: April 19, 2018 |
| | Time: 8:30 a.m. |
| | Location: Telephonic |
| | Trial: April 24, 2018 |

# INTRODUCTION

Although Defendants title their most recent motion an "Application to Strike," it is more properly categorized as another in the series of motions *in limine* that have been considered by this Court as the trial date approaches.

The Motion was filed by Defendants on April 17, 2018 at 11:52 PM PDT and set for a hearing on April 19, 2018. Plaintiff had precious little time to respond.

Here, Defendants seek exclusion of Brian Buss's revised expert report based upon his statements about statutory damages and the availability of recovery of the attorneys' fees and costs Plaintiff incurred in defending itself and ultimately prevailing in *Aardwolf I*. In the alternative, Defendants request that this Court strike those portions of Brian Buss's expert report and prevent testimony of the same at trial. Defendants' positions are not sustainable.

# ARGUMENT

## A. Statutory Damages

Defendants argue against the propriety of Brian Buss's opining on statutory damages. *See generally*, Dkt. # 334 at 2-3. Within this argument they also object to Buss's opining on punitive damages. *Id.* at 3, ll.10-18. Defendants do not quote Buss's expert report, nor do they point to the precise language they find objectional. *See generally*, *id.*

### 1. Experts Opine on Statutory Damages in California

First, experts in California federal courts have not only opined as to availability of statutory damages, but also as to amount of number of infringements and proposed award amount. *See Apple, Inc. v. Psystar Corp.*, 08-cv-03251, U.S. District Court for the Northern District of California (attached as Exhibit #1). Indeed,

in the attached exhibit, the expert testifies as to total recommended statutory award, range of possible awards, and number of infringements. *See* Exhibit #1 at ¶ 3 ("I determined, using a conservative methodology, the number of computers running Mac OS X that Psystar sold from April, 2008 until August, 2009, and calculated statutory damages"); *Id.* ("I have calculated the range of statutory damages under copyright and DMCA standards."); Id. at ¶ 43 ("statutory damages to Apple for violations of the DMCA are in a range between $449,500 and $4,495,000.") As explained below, Buss' report is substantially less opinionated, expressly noting that the jury must determine the number of infringements, range of damages, and monetary amount per infringements.

> *2. Buss Has No Opinion as to Amount of Statutory Damages; Opines Only as to Availability and Calculations*

Compared to prior precedent, Buss' report is substantially less opinionated, expressly noting that *the jury* must determine the range, and monetary amount per infringements. Throughout his report, Buss stresses the *potential* availability of statutory damages. *See, e.g.*, *Report* at 6 ("I understand that statutory damages *may* be available to Aardwolf in this matter under several statutes.") (emphasis added); *id.* at 7 ("Statutory damages *may* be an appropriate mechanism for a damages award in this Case.") (emphasis added); *id.* at 13 ("In this Case, statutory damages are available, *or may be available*, to Aardwolf under two different statutes.") (emphasis added). Similarly, Buss stresses the importance of the jury's reliance on the Court's legal instructions that will lead them to their own findings of fact. *Id.* at 14 ("In all cases, the jury should follow the Court's instructions and make its own determination as to the applicable facts. This report is not intended to suggest that

Plaintiff's Opposition to Defendants' *Ex Parte* Motion *in Limine* to Strike Revised Expert Report 2

any example calculations done herein are either appropriate or inappropriate in this case. Only the jury can make that final determination. The example calculations are designed to explain the process for calculating awards.").

Defendants provide no argument, legal or otherwise, as to how or why the above-detailed statements could amount to improper instructions on statutory damages. Defendants do, however, attempt to align Brian Buss's expert report with the report at issue in *Macro Niche Software*, *Inc. v. 4 Imaging Solutions, LLC*, 2013 U.S. Dist. LEXIS 1945123 (S.D. Tex. 2013), in order to support their position in favor of exclusion. Dkt. # 334 at 2-3. In addition to being less precedential than the *Psystar* case, above, Defendants' reliance on this case is misplaced.

In *Macro Niche Software*, the court took issue with the expert witness concluding that the defendants' infringement had been "willful," along with the expert's conclusion that this willfulness entitled the plaintiffs to the highest possible statutory award per copyright violation. As the court pointed out, the expert witness had absolutely no personal knowledge of the defendants' infringement, "particularly whether Defendants acted willfully." *Id.* at *13. And, whether or not the defendants' infringement had been willful, it was up to the jury to determine at which end of the proscribed range ($750-$150,000) a proper award of statutory damages should fall.

*Macro Niche Software* is without application to the present facts. Brian Buss does not opine that statutory or punitive damages are necessarily available to Plaintiff. *See supra.* Rather, Buss simply performs calculations that might be useful in calculating statutory or punitive damages, if such damages are found to be proper. There is no basis for striking Buss's report or excluding his testimony on damages.

**B. Previously Incurred Costs**

Buss' testimony as to the attorney's fees and costs is also not improper, because Defendants themselves have undertaken the same analysis and made the same claims, and the "tort of another doctrine" is applicable in this case.

*A. Defendants' Expert Witness Has Previously Claimed Costs of Prior Litigation*

It is important to note that in Aardwolf I, **Defendants' expert witness has previously taken the exact position that Plaintiff's expert witness is now taking**, which is that out-of-pocket attorney's fees and costs incurred in a prior matter are reasonable damages categories to be considered by the jury. In *Aardwolf I*, Defendants' expert, David Hanson, who is also Defendants' expert in this matter, expressly included a purported $80,000 AUD costs award in his damages analysis. Hanson specifically opined that Aardwolf Industries, the Plaintiff in this case, owed Abaco and Nguyen damages of:

> "approximately $125,000. This is equivalent to the $80,000 cost awarded to Abaco by the Australian Court together with the cost paid by Abaco to acquire the AARDWOLF Marks, plus some amount of interest through 2015"

*See* Expert Opinion of David S. Hanson, CPA Regarding Damages in the matter of Aardwolf LLC v. Aardwolf Industries Sole Member LLC, et al. Case No. 14 cv 09556 (dated February 18, 2016) at 10-11, (designated as "Attorney's Eyes Only"), to be filed under seal. Hanson also goes on to calculate interest based on those attorney's fees and costs award:

> "Using a simple interest convention at an interest rate of 5 percent beginning in 2007 results in total interest of $36,000 on the original awarded costs of $80,000."

*Id.* at 10-11. Defendants' position, that Plaintiff in this case should not be able to rely upon damages that Defendants' *own expert included in the prior case*, is illogical and not well taken. Defendants want to "have their cake and eat it too" by claiming these costs when they were seeking damages, yet seeking to exclude them now.

### B. Prior Costs Incurred As Tort Damages, and "Tort of Another" Doctrine

Defendants argue against the applicability of the "tort-of-another" doctrine in order to prevent Brian Buss from testifying about the availability of an award for attorneys' fees incurred by Plaintiff in *Aardwolf I*. "The seminal California case establishing the tort of another doctrine is *Prentice v. North American Title Guaranty Corp.*, 59 Cal. 2d 618 (1963), in which the California Supreme Court held:

> "A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees, and other expenditures thereby suffered or incurred."

*Burger v. Kiumelis*, 325 F. Supp. 2d 1026, 1041 (citation in original) (quoting *Prentice* at 620). *See also Third Eye Blind, Inc. v. Near North Entertainment Ins. Services LLC*, 127 Cal. App. 4th 1311, 1325 (2005) (alteration and emphasis added) ("[W]hen a defendant's tortious conduct requires the plaintiff to sue a third party, *or defend a suit brought by a third party*, attorney fees the plaintiff incurs in this third

party action 'are recoverable as damages resulting from a tort in the same way that medical fees would be part of damages in a personal injury action.'"). "A claim under the tort of another doctrine thus involves three persons: the claimant, the tortfeasor, and the third party." *Id.*

Defendants rely upon *Sooy v. Peter*, 220 Cal. App. 3d 1305 (1990), as support for their position against the applicability of the "tort-of-another" doctrine. In *Sooy*, the defendant filed a cross-complaint against a third party under the "tort-of-another" theory. *See id.* This third party that the defendant sought to name was the former attorney of the very same plaintiffs that were now suing the defendant. The defendant attempted to collect the cost of defending plaintiffs' suit from the former attorney, alleging that the suit was the result of the former attorney's negligence.

The court found that the "tort-of-another" doctrine was inapplicable, not because there was not a special or fiduciary duty at play, as Defendants suggest is required, but because any duties the third-party owed were to the *plaintiffs*, as he had been their attorney, and *not* to the defendant. Citing authorities, the court noted the presence of a minimal duty of care in multiple cases, including one involving the negligent infliction of emotional distress and another where a third-party interfered with a contract by releasing a bootleg recording. *Id.* at 1310. Here, Defendants' infringing conduct was tortious, it was aimed at Plaintiff and therefore necessarily violative of an owed duty, and it caused Plaintiff to incur attorneys' fees defending itself and its rights against a third party in *Aardwolf I*.

While Defendants state that "[t]here is no alleged third-party infringement to support a finding that attorney fees should be awarded as tort damages," Dkt. # 334 at 4, that statement does not conform with the doctrine of "tort-of-another," which

*does not* require that there be third-party infringement; a requisite element is tortious conduct on the part of the defendant, which is present here. The "tort-of-another" doctrine is applicable, there is no basis for excluding Brian Buss's report or testimony about the same, and the jury should be permitted to determine the propriety of an award of Plaintiff's attorneys' fees/costs incurred in *Aardwolf I*.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests that this Court DENY Defendants' *Ex Parte* Motion in Limine and permit the report and testimony of Brian Buss on the issues of statutory damages, punitive damages, and prior costs.

Respectfully submitted,

/s/ Eric J. Menhart
Eric J. Menhart, Esq. *
* *Admitted Pro Hac Vice*

/s/ Alan Goldberg
Alan Goldberg, Esq.
*Attorney to be Noticed*

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via ECF and all parties of record were automatically notified via that system.

/s/ Eric J. Menhart *

Eric J. Menhart, Esq.
*Admitted Pro Hac Vice